# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# BID PROTEST

| | |
|---|---|
| FMS INVESTMENT CORP., *et al*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| UNITED STATES, ) | No. 18-204C |
| ) | Judge Thomas C. Wheeler |
| Defendant, ) | |
| ) | |
| and ) | |
| ) | |
| PERFORMANT RECOVERY, INC., *et al,* ) | |
| ) | |
| Defendant-Intervenors. ) | |
| ) | |

## OPPOSITION OF DEFENDANT-INTERVENOR
## WINDHAM PROFESSIONALS, INC. TO MOTION TO DISMISS

Defendant-Intervenor Windham Professionals, Inc. ("Windham"), by counsel, opposes Defendant's May 7, 2018 Motion to Dismiss [Dkt. No. 189] ("Motion"), which followed Defendant's Notice of May 3, 2018 [Dkt. No. 188] ("Notice") that Solicitation No. ED-FSA-16-R-009 would be cancelled and the contract award to Windham terminated. In support thereof, Windham states:

1.   Solicitation No. ED-FSA-16-R-009 is a follow-on procurement to a similar 2009 U.S. Department of Education ("ED") contract for Private Collection Agency ("PCA") services. Windham was a 2009 contract awardee and a recipient of 2015 award term extension ("ATE") under that prior procurement. ATEs were awarded only to those 2009 contract holders determined by ED to have been among its best performers, and Windham's receipt of an ATE in 2015 served—like the 2009 and later 2016 and 2018 award decisions—as ED's express recognition of Windham's status as one of the very best performers among the multitude of PCA

firms engaged in assisting ED (and by extension the federal taxpayer) in collecting defaulted student loan debt.

2.  Turning to the Solicitation No. ED-FSA-16-R-009 procurement, Windham was awarded a contract as a result of the original, December 9, 2016, award decision.  As the Motion acknowledges, ED subsequently took corrective action, which stretched from May 19, 2017 until January 11, 2018, and Windham emerged as one of just two remaining contract awardees in the Solicitation No. ED-FSA-16-R-009 procurement.  Motion at 2.  Windham thus occupies a unique position:  it is the *only* firm that has, since 2009, been a contract and ATE awardee in every major ED procurement for PCA services, an unparalleled record reflecting Windham's commitment to and high level of service for ED in the student loan collection program.

3.  Windham has been deeply prejudiced by ED's cancellation of Solicitation No. ED-FSA-16-R-009 and termination of Windham's most recent contract award.  That Windham was an original and corrective action awardee in the instant procurement demonstrates conclusively that Windham's proposals met all requirements of Solicitation No. ED-FSA-16-R-009 for award, and, as the thrice-selected awardee of ED PCA contracts and a recipient of a merit-based ATE, Windham's PCA investment in and dedicated service to ED and its student loan borrowers are beyond question.  Windham expended substantial time and financial resources to prepare its numerous submissions to the agency in response to the solicitation and corrective action, and to remain prepared to perform should the current stop work order be lifted. Windham has also expended considerable legal fees engaged in multiple rounds of bid protest litigation, before this Court and the U.S. Government Accountability Office, to support the agency's defense of its award decisions as reasonable, rational and consistent with the solicitation, law and regulation – positions Defendant itself repeatedly asserted to this Court were

correct. Defendant now, after all those efforts, and ED procurements literally spanning years to obtain PCA contractors and services that Defendant asserted on numerous occasions were urgently needed as a follow-on to the 2009 PCA contract, has suddenly discovered a "substantial change in the requirements to perform collection and administrative resolution activities on defaulted student loans[,]" Notice at 1, potentially rendering all the prior efforts for naught.

4. Despite ED's cancellation of Solicitation No. ED-FSA-16-R-009, the Notice admits that ED's need for the PCA services that are the subject the cancelled solicitation will continue. Notice at 1. The predicate of ED's "substantial change" in requirements is that ED plans to "enhance its engagement at the 90-day delinquency mark," which ED contends—at least for the purposes of trying to end the current litigation—will somehow, without explanation and in contravention of publicly available data demonstrating that defaulted student loan debt is and will continue to increase, constrain growth of ED's student debt loan servicing needs beyond current levels. Based on its new "90-day engagement" strategy, Defendant and ED assert that "additional PCA contract work is not currently needed." Even assuming the new "90-day engagement" plan is implemented, and proves successful, it will not reduce ED's need for student debt loan servicing *until* the time of successful implementation, a timetable conspicuously absent from the Notice. Defendant has not represented to this Court that ED's new "90-day engagement" plan is projected to be implemented within a month, within a year, even within the next *decade*. There is no indication in the record that this "90-day engagement" plan even exists in any more detail than the short reference provided in the Notice filed in this Court. In the interim, ED's PCA contract needs will remain both unabated and urgent – precisely as Defendant has asserted to this Court and the United States Court of Appeals for the Federal Circuit.

5. Moreover, the Notice exclusively focuses on the point that *additional* PCA contract work may not be needed. Notice at 1. That approach effectively ignores that a core purpose of Solicitation No. ED-FSA-16-R-009 was to *replace* the 2009 contract and the vendors under that contract, with a new contract vehicle and a set of vendors that reflected the higher, more rigorous PCA quality standards ED has insisted were necessary. Accordingly, even if "additional" PCA contract work were not needed, ED nonetheless still requires a replacement contract for the 2009 PCA contract vehicle, which continues to serve as the vehicle through which ED is acquiring PCA services from 2017 ATE awardees Pioneer Credit Recovery, Inc. and Alltran Education, Inc. ATEs awarded under the 2009 contracts are subject to the same contractual terms as the underlying 2009 contracts themselves. For ED to continue for the indefinite future obtaining its PCA requirements under the 2009 contract, while taking no steps to implement a replacement contract, would be tantamount to avoiding Competition in Contract Act and other statutory and regulatory requirements.

6. Plaintiffs FMS Investment Corp. ("FMS") and Account Control Technology, Inc. ("ACT") have moved for leave to file supplemental complaints to address ED's corrective action. *Plaintiff FMS Investment Corp.'s Motion For Leave To File Supplemental Complaint* (filed May 16, 2018) [Dkt. No. 214]; *Plaintiff Account Control Technology Inc.'s Motion for Leave To File A Supplemental Complaint* (filed May 17, 2018)[Dkt. No. 215]. Windham concurs with the arguments raised therein that Defendant's cancellation of the solicitation does not render the current protests moot when protesters such as FMS and ACT intend to challenge the cancellation of the procurement.

7. Accordingly, Windham opposes the Motion, and requests that it be denied. The Court should issue a schedule for orderly consideration of challenges to ED's proposed

corrective action by those parties that believe ED's cancellation of the procurement and termination of the 2018 contract awards represents an arbitrary and capricious action in violation of applicable procurement law and regulation.

Dated:  May 18, 2018                                   Respectfully submitted,

/s/ David T. Ralston, Jr.

David T. Ralston, Jr.
FOLEY & LARDNER LLP
3000 K Street, N.W., Suite 600
Washington, D.C.  20007-5143
Telephone 202.295.4097
Facsimile 202.672.5399

*Counsel of Record for*
*Windham Professionals, Inc.*

OF COUNSEL:
Frank S. Murray
Micah T. Zomer
Krista A. Nunez
FOLEY & LARDNER LLP
3000 K Street, N.W., Suite 600
Washington, D.C. 20007-5143
Telephone 202.672.5300
Facsimile 202.672.5399

4841-6518-3590.1