## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## Washington, D.C.

### BID PROTEST

| | |
|---|---|
| FMS Investment Corp., *et al.*, | CFC Nos. 18-204C, 18-206C, 18-207C, 18-208C, 18-211C, 18-214C, 18-216C, 18-220C, 18-229C, 18-238C, 18-239C, 18-245C, 18-246C, 18-248C, 18-251C, 18-252C, 18-261C, 18-275C, 18-328C, 18-498C (consolidated) |
| Plaintiffs, | |
| v. | |
| THE UNITED STATES, | Judge Thomas C. Wheeler |
| Defendant | |
| and | |
| PERFORMANT RECOVERY, INC., *et al.*, | |
| Defendant-Intervenors. | |

### PLAINTIFF PIONEER CREDIT RECOVERY, INC.'S RESPONSE TO GOVERNMENT'S MOTION TO DISMISS

Plaintiff Pioneer Credit Recovery, Inc. ("Pioneer"), through undersigned counsel, submits the following response to the government's motion to dismiss the above-captioned consolidated bid protests. ECF No. 189.

Pioneer does not oppose the government's motion to dismiss the protests as moot as long as Pioneer is permitted to remain a party to the protests (as a plaintiff or intervenor) to the extent any protests regarding the procurement remain pending before the Court. Pioneer's protest pending before this Court is not moot if the United States Department of Education's ("ED") cancellation of Solicitation No. ED-FSA-16-R-0009 does not proceed. See ECF No. 188 (ED notice of cancellation of solicitation). As a result, Pioneer should remain a plaintiff or be granted intervenor status if the Court does not dismiss all protests.

In the event that ED does not complete cancellation or any protests of the procurement remain pending, then Pioneer should be permitted to remain a party to protect its specific and unique interests, especially given Pioneer's substantial investment (including significant proposal costs), and its long history of protest litigation challenging adverse awards in this procurement.

Pioneer's involvement has included, among other things:

| Date | Event |
| --- | --- |
| February 29, 2016 | Pioneer submits proposal in response to Solicitation No. ED-FSA-16-R-0009 |
| October 31, 2016 | Pioneer submits revised proposal |
| December 19, 2016 | Pioneer files protest at the United States Government Accountability Officer ("GAO") challenging ED's December 9, 2016 awards and ED's failure to award Pioneer a contract based on alleged past performance evaluation issues, Comp. Gen. B-414220.1 |
| January 6, 2017 | GAO dismisses Pioneer's protest (Comp. Gen. B-414220.1) after ED assured GAO and Pioneer that the sole basis for Pioneer's exclusion concerned ED's review of Pioneer's Subcontracting Plan, not any past performance issues |
| January 9, 2017 | Pioneer files new protest at GAO based on ED's December 28, 2016 informational briefing, challenging ED's awards and failure to award to Pioneer, Comp. Gen. B-414220.20 (approximately seventeen other unsuccessful offerors also file bid protests at GAO related to the awards) |
| February 21, 2017 | Pioneer files supplemental protest at GAO, Comp. Gen. B-414220.36 |
| March 27, 2017 | GAO consolidates all but two of the protests related to Solicitation No. ED-FSA-16-R-0009 and issues a protected decision sustaining various protest grounds (the two protests not consolidated include Pioneer's and Continental Services Group, Inc. ("ConServe"))[1] (the public decision was issued April 7, 2017) |
| March 28, 2017 | Protester ConServe withdraws its GAO protests (Comp Gen. B-414220.5, B-414220.28) and files its bid protest with this Court |

---

[1] Comp. Gen. B-414220.2-.4, B-414220.6-.14, B-414220.16, B-414220.18-.19, B414220.21-.24, B414220.26-.27, B-414220.29-.35, B-414220.37-.47.

| | |
|---|---|
| March 31, 2017 | GAO dismisses Pioneer's protests (Comp. Gen. B-414220.20, B-414220.36) solely due to ConServe's United States Court of Federal Claims ("COFC") filing, in accordance with 4 C.F.R. § 21.11(b), Effect of Judicial Proceedings |
| April 10, 2017 | Pioneer files its bid protest complaint at the COFC, COFC No. 17-499 (consolidated under the lead case, COFC No. 17-449) |
| May 19, 2017 | ED notifies the COFC it intends to take corrective action, stating that it will amend the solicitation, request revised proposals, including revised subcontracting plans, evaluate and make new awards |
| May 25, 2017 | ED amends its corrective action to allow for revised small business participation plans |
| May 31, 2017 | The COFC *sua sponte* issues an order indefinitely continuing its previously issued preliminary injunction ("PI") |
| June 16, 2017 | Pioneer submits its revised proposal in response to ED's corrective action |
| July 21, 2017 | Pioneer files a notice of appeal to the United States Court of Appeals for the Federal Circuit ("CAFC") challenging that part of the COFC's May 31 PI that stayed work under other contract vehicles not the subject of the protests (Alltran Education, Inc. and ED filed notices of appeal earlier; the appeals were consolidated under the lead case, CAFC No. 17-2155) |
| December 8, 2017 | After briefing at the CAFC and oral argument, the CAFC issues a decision sustaining Pioneer's appeal and parts of the Alltran and ED appeals |
| January 11, 2018 | ED makes awards to Performant Recovery, Inc. and Windham Professionals, Inc. |
| February 13, 2018 | Pioneer files a bid protest complaint at the COFC against the January 2018 awards, COFC Case No. 18-499 (consolidated under the lead case, COFC No. 18-204) |

If all protests are not dismissed as requested by ED, then Pioneer's interests remain directly affected by the pending action and Pioneer should remain a party.

Under analogous decisions from this Court, Pioneer should remain a party because (1) Pioneer has an interest in the subject matter of the action; (2) the protection of Pioneer's interest would be impaired without Pioneer's participation; and (3) Pioneer's interests are not adequately represented by the other parties to the litigation. See. e.g., Rules Court of Federal Claims ("RCFC") 24 (intervention); Am. Renovation and Constr. Co. v. United States, 65 Fed. Cl. 254,

257 (Fed. Cir. 2005) (explaining the operation of RCFC 24 and intervention, and providing further relevant citations); <u>see also</u> <u>Northrop Grumman Info. Tech., Inc. v. United States</u>, 74 Fed. Cl. 407, 413 (2005) (same).

Any Court decision that does not dismiss all protests under consolidated Case No. 18-204 and that results in any further action before this Court will directly impact the economic interest of Pioneer. Pioneer's ability to protect its interests in the procurement will be adversely affected should it be excluded from this matter since no other party to this action can adequately represent Pioneer's interests. Pioneer has a direct and immediate interest in the outcome of this matter.

Moreover, Pioneer's interests are not adequately represented by the government because the government could present arguments and propose relief that is at odds with Pioneer's interests. Because Defendant, the United States, must zealously represent the interests of the ED, the government cannot fully and adequately represent Pioneer's interests in this matter. For the same reasons, Pioneer's interests are not represented by any other party.

                          Respectfully submitted,

Date: May 18, 2018            By: /s/ Jonathan D. Shaffer
                                   Jonathan D. Shaffer (jshaffer@smithpachter.com)
                                   SMITH PACHTER MCWHORTER PLC
                                   8000 Towers Crescent Drive, Suite 900
                                   Tysons Corner, Virginia 22182
                                   Tel: (703) 847-6300
                                   Fax: (703) 847-6312
                                   *Counsel of Record for*
                                   *Pioneer Credit Recovery, Inc.*

*Of Counsel*
Mary Pat Buckenmeyer (mbuckenmeyer@smithpachter.com)
Todd M. Garland (tgarland@smithpachter.com)
SMITH PACHTER MCWHORTER PLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of May 2018, Pioneer Credit Recovery, Inc.'s Response to Government's Motion to Dismiss was electronically filed. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Jonathan D. Shaffer
Jonathan D. Shaffer
