# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## Bid Protest

| | |
|---|---|
| FMS INVESTMENT CORP., *et al.*, | |
| Plaintiff, | Case Nos. 18-cv-204C *et al.* |
| v. | Judge Thomas C. Wheeler |
| THE UNITED STATES, | |
| Defendant, | |
| and | |
| PERFORMANT RECOVERY, INC., *et al.*, | |
| Defendant-Intervenors. | |

## **TEXAS GUARANTEED STUDENT LOAN CORP.'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff Texas Guaranteed Student Loan Corp.'s ("TG") hereby opposes the United States' motion to dismiss Dkt. 189. The Government seeks dismissal of the complaint filed by Plaintiff Texas Guaranteed Student Loan Corp.'s ("TG") complaint, along with those filed by the plaintiffs in the other 19 cases consolidated in the above-captioned matter, on the ground that these cases are moot as a result of the decision by the Department of Education to cancel Solicitation No. ED-FSA-16-R-0009 ("RFP"). *See* Dkt. 189; Dkt. 1, Case No. 18-211, now consolidated with Case No. 18-211. The Government's motion to dismiss should be denied because TG has moved for leave to file a supplemental complaint to add a claim that ED's cancellation of the RFP was improper and should be enjoined. Upon the filing of TG's supplemental complaint, this case is not moot. Accordingly, ED's motion should be denied.

On January 11, 2018, the U.S. Department of Education ("ED") issued notices of award to Windham Professionals, Inc. and Performant Recovery, Inc. under the RFP and unsuccessful offeror notices to the 40 other offerors. On February 12, 2018, TG filed its Complaint alleging that ED's award was arbitrary, capricious and in violation of law and regulation. Dkt. 1, Case No. 18-211, now consolidated with Case No. 18-204. On May 3, 2018, the Government filed a Notice with the Court stating that it plans to cancel the RFP "due to a substantial change in the requirements to perform collection and administrative resolution activities on defaulted Federal student loan debts." Dkt. 188 at 1. On May 7, 2018, the Government moved to dismiss the consolidated protests under the theory that its plan to cancel the RFP renders the protests moot.[1] Dkt. 189.

After the ED's decision to cancel the RFP, TG filed a motion for leave to file a supplemental complaint in accordance with Rule of the Court of Federal Claims ("RCFC") 15(d). Dkt. 221; *see Intrepid v. Pollock*, 907 F.2d 1125, 1129 (Fed. Cir. 1990) (RCFC 15(d) "unequivocally allows supplementing a complaint with a count based on later events" where such "events relate[] to the same cause of action originally pleaded.").

If post-complaint events deprive the Court of jurisdiction over the claims in the initial complaint, the plaintiff may cure any such defect by filing a supplemental complaint in accordance with RCFC 15(d). *See Black v. Sec'y of Health & Human Servs.*, 93 F.3d 781, 789 (Fed. Cir. 1996) ("[I]f the supplemental pleading is permitted, the new allegations can be relied upon to cure what would have been a defect in the plaintiff's case."); *Wilson v. Westinghouse Elec. Corp.*, 838 F.2d 286, 290 (8th Cir.1988) (same); *Coastal Envtl. Grp., Inc. v. United States*, 114 Fed. Cl. 124, 132 (2013) ("[P]laintiff is not legally barred from curing, with a supplemental

---

[1] A more detailed recitation of the background relevant to this motion is set forth in TG's Motion for Leave to File Supplemental Complaint. Dkt. 221, Ex. A at ¶¶ 52-60.

complaint, the jurisdictional defect arising from the cancellation of the procurement that was the subject of its protest."); *see also Mathews v. Diaz*, 426 U.S. 67, 75 (1976) (Plaintiff satisfied jurisdictional condition while his case was pending in the district court).

TG's proposed supplemental complaint adds a cause of action challenging ED's arbitrary, capricious, and irrational decision to cancel the RFP. Dkt. 221, Ex. A at ¶¶ 91-96. This cause of action resolves the jurisdictional issues relied on by ED in its motion to dismiss because this Court has jurisdiction to adjudicate a protest of ED's decision to cancel the RFP. This Court has so held in procedurally identical circumstances. *See Coastal Envtl. Grp., Inc.*, 114 Fed. Cl. at 132; *Madison Servs., Inc. v. United States*, 90 Fed. Cl. 673 (2009). Because ED's decision to cancel the RFP forms the basis for one count of TG's amended complaint, this Court maintains jurisdiction to adjudicate TG's amended complaint.

For these reasons, TG respectfully requests that the Court deny ED's motion to dismiss.

DATED: May 18, 2018               Respectfully submitted,

                                   /s/ Thomas P. McLish
                                  Thomas P. McLish
                                  tmclish@akingump.com
                                  AKIN GUMP STRAUSS HAUER & FELD LLP
                                  1333 New Hampshire Avenue, N.W.
                                  Washington, D.C. 20036-1564
                                  (202) 887-4000 (Tel)
                                  (202) 887-4288 (Fax)

                                  *Attorney for Texas Guaranteed Student Loan Corp.*

Of Counsel:

Joseph W. Whitehead
jwhitehead@akingump.com
Elise Farrell
efarrell@akingump.com