## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## BID PROTEST

| | |
|---|---|
| FMS INVESTMENT CORP., *et al.*, ) | |
| ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 18-204C (consolidated) |
| ) | |
| THE UNITED STATES, ) | Judge Wheeler |
| ) | |
|     Defendant, ) | |
| ) | |
| and ) | |
| ) | |
| PERFORMANT RECOVERY, INC., ) | |
| *et al.*, ) | |
| ) | |
|     Defendant-Intervenors. ) | |
| ) | |
| _____ ) | |

### PLAINTIFF ACCOUNT CONTROL TECHNOLOGY, INC.'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

Plaintiff Account Control Technology, Inc. ("ACT") respectfully files this opposition in response to Defendant's May 7, 2018 motion to dismiss ACT's February 9, 2018 Complaint. ECF No. 189; *see* Case No. 18-206C, ECF No. 1.

### STATEMENT OF FACTS

In December 2015, the United States Department of Education ("Government," "Agency," or "ED") issued Solicitation No. ED-FSA-16-R-0009 (the "Solicitation") for default collection services under indefinite delivery/indefinite quantity ("IDIQ") contracts. AR 585-791. Forty-seven offerors, including ACT, submitted responses to the Solicitation. In December 2016, ED awarded contracts under the Solicitation to seven firms based on ED's needs. Following ED's award decision, 22 firms, including ACT, protested the contract awards at the Government

Accountability Office ("GAO"), challenging ED's evaluation and resulting award decision. GAO strongly criticized the award decision, recommending corrective action. Following the GAO decision, several firms, including ACT, filed complaints in this Court.[1]

In response to the numerous protests filed at the Court of Federal Claims, on May 19, 2017, ED announced it would take corrective action by making minor amendments to the Solicitation, requesting revised proposals, and conducting a new evaluation. *See, e.g.*, Case No. 17-449, ECF Nos. 122, 135. ED represented to the Court that it would complete corrective action and make new award decisions by August 25, 2017. Case No. 17-449, ECF No. 122 at 9. After nearly four months of delay, on December 12, 2017 this Court ordered ED to make its final award decisions and complete corrective action by January 11, 2018. Case No. 17-449, ECF No. 215.

On January 11, 2018, in response to the Court's deadline, ED announced it had completed its reevaluation of revised proposals and had awarded new contracts under the Solicitation to Performant Recovery, Inc. ("Performant") and Windham Professionals, Inc. ("Windham"). Case No. 17-449, ECF No. 231.

On February 9, 2018, ACT filed its Complaint with this Court challenging ED's evaluation and corrective action decision on multiple grounds. *See Account Control Technology, Inc. v. United States*, Case No. 18-206C, ECF No. 1. ACT's Complaint alleged, among other

---

[1]    GAO consolidated several of the protests, and issued a decision on March 27, 2017 sustaining in part and denying in part the consolidated protests. *Gen. Revenue Corp.*, B-414220.2 *et al.*, Mar. 27, 2017, 2017 CPD ¶ 106. Before GAO issued its decision on the protest of Continental Service Group. ("ConServe"), which was not consolidated with the other protests, ConServe filed a protest with the Court of Federal Claims. *Continental Services Group, Inc. v. United States*, Case No. 17-449. Several other GAO protesters subsequently filed new complaints at the Court of Federal Claims. All of the related protests were consolidated under Case No. 17-449 on September 5, 2017. *See* Case No. 17-449, ECF No. 186.

things, that (1) ED's evaluation of Factor 1 – Past Performance was unreasonable, arbitrary, and capricious; (2) ED's evaluation of Factor 2 – Management Approach was unreasonable, arbitrary, and capricious; (3) ED treated offerors unequally; (4) ED deviated from the stated evaluation criteria; and (5) ED's source selection decision was unreasonable, arbitrary, and capricious. *Id.*

Between February 9, 2018 and April 4, 2018, 19 other disappointed bidders also filed protests against ED's corrective action decision.[2] On February 13, 2018, this Court entered an order consolidating the related cases into the above captioned case.[3] ECF No. 16.

Plaintiffs ACT, FMS Investment Corp., GC Services Limited Partnership, and Continental Service Group, Inc., filed motions for a preliminary injunction, requesting the Court enjoin the Agency from recalling "in-repayment" accounts being serviced by those plaintiffs pursuant to their 2015 Award Term Extension ("ATE") contracts. *See, e.g.*, Case No. 18-206C, ECF Nos. 6-7. This Court granted plaintiffs' preliminary injunction motions on February 26, 2018, holding that "to preserve the status quo, the Court must maintain the state of affairs that

---

[2]    *See FMS Investment Corp. v. United States*, No. 18-204C; *Account Control Technology, Inc. v. United States*, No. 18-206C; *Transworld Systems, Inc. v. United States*, No. 18-207C; *GC Servs. Ltd. P'ship v. United States*, No. 18-208C; *Texas Guaranteed Student Loan Corp. v. United States*, No. 18-211C; *The CBE Group, Inc. v. United States*, No. 18-214C; *Pioneer Credit Recovery, Inc. v. United States*, No. 18-216C; *Progressive Financial Servs., Inc. v. United States*, No. 18-220C; *Coastal Professional, Inc. v. United States*, No. 18-229C; *Central Credit Servs., LLC v. United States*, No. 18-238C; *Delta Management Assocs., Inc. v. United States*, No. 18-239C; *Gatestone & Co. Int'l, Inc. v. United States*, No. 18-245C; *Continental Serv. Grp., Inc. v. United States*, No. 18-246C; *Immediate Credit Recovery, Inc. v. United States*, No. 18-248C; *Allied Interstate LLC v. United States*, No. 18-215C; *Automated Collection Services, Inc. v. United States*, No. 18-252C; *Collecto, Inc. d/b/a EOS CCA v. United States*, No. 18-261C; *Williams & Fudge, Inc. v. United States*, No. 18-275C; *Value Recovery Holding, LLC v. United States*, No. 18-328C; *Alltran Education, Inc. v. United States*, No. 18-498C.
[3]    This Court has entered a total of fourteen Orders consolidating related protests, the most recent on April 5, 2018. ECF No. 173.

existed before Plaintiffs filed their complaints. . . That state of affairs includes Plaintiffs retaining and servicing the accounts under their unexpired in repayment retention periods provided for by their 2015 ATEs." ECF No. 126 at 3. The Court explained, "The evidence currently before the Court points to inconsistencies, omissions, unequal treatment of offerors, and cherry-picked data that the Court finds to be rather problematic." *Id.* 3-4. This Court then enjoined ED from recalling borrower accounts from the four ATE contract holders, including ACT, "until the Court has fully resolved this consolidated bid protest." *Id.* at 6.

On March 9, 2018, the Government produced a consolidated Administrative Record in this matter, and the parties began preparing Motions for Judgment on the Administrative Record pursuant to the schedule set by the Court. *See* ECF Nos. 18, 131. On March 12, 2018, ACT and several other plaintiffs filed a Motion to Supplement the Administrative Record. ECF No. 133. Shortly thereafter, the Court suspended the briefing schedule. *See* ECF No. 139.

On March 19, 2018, ED notified the Court it "appear[ed] likely that a course of action other than continued litigation of the pending protests [would] be pursued." ECF No. 149 at 1. Several plaintiffs filed a response to the Notice, highlighting the fact that since this case began "the Government intermittently has suggested it would produce relevant documents, make timely decisions, keep the Court and the parties apprised of its schedule, and correct the errors that have pervaded its several award decisions. To this day, however, those promises remain unfulfilled." ECF No. 153. The plaintiffs' response requested, among other things, that the Court require the Government to provide a "firm commitment" to announce the specific terms of its corrective action by a date certain. *Id.* The Government replied that it would "commit to filing an update with the Court no later than April 11, 2018, that will set a firm date for the announcement of ED's final decision on how ED intends to proceed." ECF No. 154. The Court entered an order on

March 23, 2018 requiring the Government to file its Notice on or before April 11, 2018 and to

produce additional documents requested in plaintiffs' Motions to Supplement the Administrative

Record. ECF No. 160.

On April 11, 2018, the Government informed the Court it would file notice of its planned

course of action by May 4, 2018. ECF No. 178. On May 3, 2018, ED filed a Notice with the

Court announcing it was cancelling the procurement. The Notice stated:

> The Department of Education (ED) has completed its review of the
> solicitation under protest. *See* ECF Nos. 149, 154. The solicitation
> will be cancelled due to a substantial change in the requirements to
> perform collection and administrative resolution activities on
> defaulted Federal student loan debts. In the future, ED plans to
> significantly enhance its engagement at the 90-day delinquency
> mark in an effort to help borrowers more effectively manage their
> Federal student loan debt. ED expects these enhanced outreach
> efforts to reduce the volume of borrowers that default, improve
> customer service to delinquent borrowers, and lower overall
> delinquency levels. The current private collection agencies (PCA)
> under contract with ED have sufficient capacity to absorb the
> number of accounts expected to need debt collection services while
> the process for transitioning to the new approach is developed and
> implemented. Therefore, additional PCA contract work is not
> currently needed.
>
> ED will cancel the solicitation and terminate for convenience the
> awards to Performant Recovery, Inc. and Windham Professionals,
> Inc. on or after May 7, 2018. Following those actions, we will
> move to dismiss this consolidated action as moot.

ECF No. 188 at 1-2. The Notice provides no explanation or basis for the "substantial change" in

ED's requirements, nor does it offer any support for how ED's future plan to "enhance its

engagement" after 90 days will either reduce or eliminate the need for additional PCA services, particularly where the amount of new debt in default continues to grow each month.[4]

On May 7, 2018, ED terminated for convenience the awards to Performant and Windham. On the same day, the Government filed its motion to dismiss all protests pending in the above-captioned matter, alleging that based on its unilateral action to cancel the Solicitation, protester's allegations are moot and this Court no longer has subject matter jurisdiction over the matter. ECF No. 189. On May 17, 2018, ACT filed a Motion for Leave to File a Supplemental Complaint, which challenges ED's decision to cancel the procurement. ECF Nos. 215, 215-1.

As demonstrated below, ACT's protest should not be dismissed because the Court has continuing subject matter jurisdiction over this case. ACT has moved to supplement its Complaint to challenge the cancellation decision, review of which clearly falls under this Court's bid protest jurisdiction. Thus, Defendant's motion should be denied.

## **ARGUMENT**

The Government's May 3, 2018 cancellation decision does not render ACT's protest action moot. ACT has suffered, and will continue to suffer, economic injury due to the many errors made by ED throughout this procurement, to include its recent cancellation decision, which ACT has challenged in a Supplemental Complaint filed with the Court on May 17, 2018. *See* ECF Nos. 215, 215-1.

---

[4]     There currently are 11 small business contracts in place as well as 2 ATE contracts, which were awarded in 2017. It is unclear whether ED includes the capacity of the 2017 ATE contracts in its cancellation plans where the ATEs were meant to serve as bridge contracts until new awards were made under the Solicitation. ECF No. 215-1 at ¶ 156 n.16. Further, five PCAs, including ACT, continue to service accounts under their 2015 ATE contracts, which are in their 24 month in-repayment period. *Id.* at ¶¶ 70, 72. The Court has enjoined the Government from recalling these accounts "until the Court has fully resolved" the bid protests. *See* ECF No. 126.

The United States Supreme Court has held that a case may become moot due to the voluntary cessation of allegedly illegal conduct only when: "(1) it can be said with assurance that 'there is no reasonable expectation. . .' that the alleged violation will recur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Cnty. of Los Angeles v. Davis*, 440 U.S. 625, 631-32 (1979) (citations omitted). Here, the effects of ED's continuous procurement errors are not eradicated, but rather exacerbated by ED's unreasonable cancellation decision. *See Madison Servs., Inc. v. United States*, 90 Fed. Cl. 673, 680 (2009) (noting "cancellation of the solicitation does not… render plaintiff's entire case a nullity. The cancellation has not eradicated, but perpetuates plaintiff's injury."). ACT continues to suffer harm due to ED's improper actions where it is being denied the opportunity to compete for new accounts as a result of the unreasonable behavior of ED.[5] ED should not be permitted to use cancellation as a means to avoid this litigation.

This Court has held it retains jurisdiction over a plaintiff's action following a cancellation decision where the plaintiff moves to file an amended or supplemented complaint. *See Coastal Envtl. Grp. v. United States*, 114 Fed. Cl. 124, 132 (2013) (holding "it appears that plaintiff is not legally barred from curing, with a supplemental complaint, the jurisdictional defect arising from the cancellation of the procurement that was the subject of its protest"); *Madison Servs., Inc.*, 90

---

[5]    In this Court's Order denying ED's motion to dismiss in *Continental Service Group, Inc.*, Judge Braden stated a continuing economic injury is "an appropriate basis for the court to determine that the [ ] Complaint is not moot." Case No. 17-449, ECF No. 160 at 9. The Order found the protest allegations were not moot and protester continued to suffer economic harm where it was "not able to compete for new accounts," causing a loss of millions in revenue per month as a result of the Agency's decision. *Id.*

Fed. Cl. at 680-83 (allowing plaintiff to supplement its complaint and stating "because plaintiff has challenged the lawfulness of the cancellation decision, live controversy persists.").[6]

Actions challenging an agency's cancellation determination fall under the Court's bid protest jurisdiction. *Madison Servs., Inc.*, 90 Fed. Cl. at 680 (explaining "the cancellation of a solicitation is subject to the court's review, pursuant to 28 U.S.C. § 1491(b)"); *see Starry Assocs., Inc. v. United States*, 127 Fed. Cl. 539, 548-50 (2016) (reviewing challenge to cancellation under 28 U.S.C. § 1491(b)(1)(4)); *Coastal Envtl. Grp.*, 114 Fed. Cl. at 132-33 (noting "there is precedent in support of the court's ability to entertain protests challenging an agency's decision to cancel a procurement"); *MORI Assocs., Inc. v. United States*, 102 Fed. Cl. 503, 522 (2011) (explaining "MORI's protest of the cancellation decision comes within our jurisdiction").

Here, ACT has filed a Motion for Leave to Supplement its Complaint to challenge ED's decision to cancel the procurement. ECF No. 215. As explained in ACT's Supplemental Complaint, ED's cancellation of the solicitation lacks a rational basis where there is no indication ED conducted any analysis of relevant facts or data to support its cancellation decision. The Notice provided to this Court in support of the cancellation fails to provide sufficient explanation for the decision – it does not support a finding that there has been a "substantial change" in ED's requirements; it does not explain when or how ED will implement its future plan to "enhance its engagement" with borrowers at the 90 day delinquency mark; and

---

[6]     The present case clearly is distinguishable from those relied upon by the Government in its motion to dismiss. In those cases, the plaintiff had not moved to file an amended or supplemental complaint. *See, e.g.*, ECF No. 189 at 4 (citing *CCL Serv. Corp. v. United States*, 43 Fed. Cl. 680, 686 (1999) (specifically noting "plaintiffs have not moved to amend their complaints to contest the cancellation of the solicitation")).

it does not articulate a rational basis for the assertion that the additional PCA services contemplated by the Solicitation are no longer needed, particularly where the amount of student loan debt in default continues to grow significantly each year. *See id.* ¶¶ 153-56. To be sure, available evidence runs contrary to the assertions made by the Government in its cancellation Notice.

The Agency's decision to cancel the Solicitation in this case does not render ACT's protest moot. The Court maintains jurisdiction over ACT's protest, as articulated in the Supplemental Complaint attached to its Motion for Leave filed with the Court on May 17, 2018, and the Court should deny the Government's motion to dismiss.[7]

## CONCLUSION

For the foregoing reasons, ACT respectfully requests that the Court deny the Government's motion to dismiss and grant ACT's motion to file a supplemental complaint, to which we believe there should be no legitimate challenge.

---

[7]      Because the Court maintains jurisdiction over ACT's bid protest, the Preliminary Injunction issued by the Court on February 26, 2018, should remain in place pursuant to the Court's Order, which states ED is enjoined "from recalling borrower accounts that Plaintiffs FMS Investment Corp., Account Control Technology, Inc., GC Services Limited Partnership, and Continental Service Group, Inc. are servicing as part of their in repayment retention periods under their 2015 ATEs to the 2009 PCA task order...until the Court has *fully resolved* this consolidated bid protest." ECF No. 126 at 6 (emphasis added). The underlying basis for the injunction has not changed – ACT is likely to succeed on the merits of its protest of the cancellation decision; ACT, which is currently servicing accounts under its active ATE contract, will be "immediately and irreparably harmed" if ED is able to recall accounts where it would be "forced to lay off key personnel as a result of lost revenue;" and there remains "little to no harm to the Government" where ACT, which consistently has been a top-performer, will continue to service the accounts for the Agency. *See generally*, *id.*

Respectfully submitted,

Dated: May 18, 2018                    SHEPPARD MULLIN RICHTER & HAMPTON LLP


/s/ Jonathan S. Aronie
Jonathan S. Aronie
2099 Pennsylvania Avenue NW, Suite 100
Washington, DC 20006-6801
Telephone (202) 747-1902
Direct Facsimile (202) 747-3802
Email: jaronie@sheppardmullin.com

*Counsel for Plaintiff Account Control Technology, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was served on all parties electronically via the CM/ECF system on this 18th day of May 2018.


/s/ Jonathan S. Aronie
Jonathan S. Aronie