**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**

| | |
|---|---|
| FMS INVESTMENT CORP., *et al.*, <br><br>   Plaintiffs, <br>v. <br>THE UNITED STATES <br><br>   Defendant, <br>and <br>PERFORMANT RECOVERY, INC., *et al*., <br><br>   Defendant-Intervenors. | No. 18-204C (consolidated) <br><br> Judge Thomas C. Wheeler |

**PLAINTIFF CONTINENTAL SERVICE GROUP'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Based on a review of the "core" documents in the record of this procurement, the Court found clear and prejudicial error, including "inconsistencies, omissions, unequal treatment of offerors, and cherry-picked data that the Court finds to be rather problematic." Dkt. No. 126, at 4. Even more problematic, this was not the first time the Court (or the GAO) has found serious problems with the way that the Department of Education ("ED") has handled this procurement; rather, this is merely the latest example of ED's bungling proposal evaluations dating back to 2016. In the face of this latest injunction, ED is choosing to throw up its hands and cancel Solicitation No. ED-FSA-16-R-0009 (the "Solicitation") rather than give Plaintiff Continental Service Group, Inc. ("ConServe") the fair and impartial evaluation that it is entitled to. In an attempt to try and justify this cancellation, ED has asserted, without analysis or explanation, that its plan for a future, yet-to-be-developed, and yet-to-be-implemented change in how ED contacts delinquent borrowers under unrelated contracts will lessen the demand for work under the

1

contracts at issue here so extensively that this Solicitation is no longer needed. Based on this pretextual cancellation of the Solicitation, the Government argues that ConServe's protest is now moot. The cancellation decision does not end this protest, however, because the ConServe is challenging the cancellation itself in ConServe's Supplemental Complaint. ConServe's Supplemental Complaint presents a live controversy and, therefore, this protest is not moot. The Government's motion to dismiss should be denied.

I.  **BACKGROUND**[1]

For more than a decade, ConServe has been providing debt collection services to the Department of Education ("ED") as one of ED's private collection agencies ("PCA"). In fact, ConServe has been among the highest rated PCAs on the prior contract awarded in 2009, and was one of the five PCAs (out of 22) that earned an award term extension ("ATE") based on its performance.

After the Court enjoined the prior round of contract awards under the Solicitation in 2017, and the GAO recommended corrective action due to numerous defects with ED's award decisions, ED chose to undertake corrective action. Under this corrective action, offerors were permitted to amend their solicitations and ED conducted another evaluation. On January 11, 2018, ED awarded contracts to Performant Recovery, Inc. ("Performant") and Windham Professionals, Inc. ("Windham"). On February 16, 2018, ConServe filed its Complaint in this bid protest, Case No. 18-246, Dkt. No. 1, challenging ED's arbitrary and capricious evaluations and award decisions. Also on February 16, 2018, the Court consolidated ConServe's protest

---

[1] The facts of these consolidated protests and the long history of this procurement are detailed extensively in prior decisions of this Court enjoining various government actions at each stage of this procurement. Only the facts relevant to this motion are included herein.

with the numerous other pending protests, with the protest filed by FMS Investment Corporation designated the lead case. Dkt. No. 77.[2]

Along with its Complaint, ConServe filed a motion for a temporary restraining order seeking to prevent ED from recalling accounts that had already been transferred to ConServe under its existing ATE contract. Case No. 18-246, Dkt. No. 4. Following briefing and argument, the Court granted an injunction to ConServe and other ATE holders prohibiting the recall of accounts. As the Court explained, the preliminary record showed "inconsistencies, omissions, unequal treatment of offerors, and cherry-picked data that the Court finds to be rather problematic." Dkt. No. 126, at 4. The Court thus found that ConServe would likely prevail on the merits of its protest and entered the requested injunction.

On March 19, 2018, the Government filed a notice in which it informed the Court and protestors that "ED has been reviewing this solicitation in order to assess its options and to identify the best path forward for the agency and borrowers." Dkt. No. 149. While not providing specifics, the notice stated that ED had "reached a point in its analysis where it appears likely that a course of action other than continued litigation of the pending protests will be pursued." *Id*.

Following a hearing on March 23, 2018, the Court ordered the Government "to file a notice with the Court informing the parties of ED's timeline for announcing its final decision on how it plans to proceed in this litigation on or before Wednesday, April 11, 2018." Dkt. No. 160, at 4. On April 11, 2018, the Government filed a notice stating that it would announce its final decision on or before May 4, 2018. Dkt. No. 178.

---

[2] Unless otherwise indicated, references to the docket refer to the docket in case number 18-204, which is the lead case for these consolidated protests.

On May 3, 2018, the Government filed a two-paragraph notice that ED had completed its review of the solicitation.  Dkt. No. 188.  According to this notice, "[t]he solicitation will be cancelled due to a substantial change in the requirements to perform collection and administrative resolution activities on defaulted Federal student loan debts." *Id*. at 1.  The entirety of the explanation of the purported "substantial change" is:

> In the future, ED plans to significantly enhance its engagement at the 90-day delinquency mark in an effort to help borrowers more effectively manage their Federal student loan debt. ED expects these enhanced outreach efforts to reduce the volume of borrowers that default, improve customer service to delinquent borrowers, and lower overall delinquency levels.  The current private collection agencies (PCA) under contract with ED have sufficient capacity to absorb the number of accounts expected to need debt collection services while the process for transitioning to the new approach is developed and implemented. Therefore, additional PCA contract work is not currently needed.
>
> ED will cancel the solicitation and terminate for convenience the awards to Performant Recovery, Inc. and Windham Professionals, Inc. on or after May 7, 2018. Following those actions, we will move to dismiss this consolidated action as moot.

*Id*. at 1-2.

Following this notice, on May 7, 2018, the Government moved to dismiss these consolidated protests under Rule 12(b)(1), arguing that they are moot because ED cancelled the solicitation and terminated contract awards.  Dkt. No. 189.  On May 11, 2018, the Court ordered the plaintiffs, including ConServe, to file their oppositions to the Government's motion to dismiss on or before May 18, 2018.  Dkt. No. 200.  Contemporaneously with this opposition, ConServe has filed a Motion for Leave to File a Supplemental Complaint, along with the proposed supplemental complaint that ConServe seeks to file.  *See* Dkt. No. 228.  ConServe's Proposed Supplemental Complaint adds additional grounds of protest challenging ED's arbitrary and capricious cancellation of this Solicitation.

## II.     ARGUMENT

The Government's Motion to Dismiss ("Motion"), Dkt. No. 189, ConServe's protest is based entirely on the fact that ED has cancelled the Solicitation and terminated the contracts awarded to Performant and Windham.  *See* Motion, at 1.  ConServe, however, is challenging the arbitrary, capricious, and irrational cancellation of this Solicitation, *see* Dkt. No. 228, which presents a live controversy for the Court to resolve.  Because there is a live controversy before the Court, this protest is not moot.  In fact, this Court has previously addressed the same situation as here – a Government motion to dismiss on mootness grounds after the Government cancels a procurement while a protest is pending.  The Court, however, has uniformly allowed protestors to supplement their complaints and denied the Government's motions to dismiss.  *See, e.g.,* Madison *Servs.*, 90 Fed. Cl. at 681-83; *Coastal Environmental Group, Inc. v. United States*, 114 Fed. Cl. 124, 132-35 (2013); *Mori Assocs., Inc. v. United States*, 102 Fed. Cl. 503, 514 (2011).

The plaintiffs in *Madison Services*, *Coastal*, and *Mori Associates* all protested award decisions and, like here, the government cancelled the protested procurements while the protests were pending and moved to dismiss on mootness grounds.  *Madison Servs.*, 90 Fed. Cl. at 677 (government motion argued the agency "formally cancelled the solicitation" and arguing the complaint was therefore moot); *Coastal*, 114 Fed. Cl. at 129 (government motion argued "that plaintiff's protest has been mooted by the [Agency's] cancellation of the procurement that was the subject of the protest"); *Mori Assocs.*, 102 Fed. Cl. at 514 (government motion to dismiss after cancellation "arguing that the protest was now moot").  In each case, this Court granted the plaintiff leave to file supplemental pleadings.  *Madison Servs.*, 90 Fed. Cl. at 682; *Coastal*, 114 Fed. Cl. at 134-35; *Mori Assocs.*, 102 Fed. Cl. at 514.

Importantly, in each case this Court also denied the Government's motion to dismiss the protest because the supplemented complaints presented a live controversy within the Court's

5

jurisdiction. *Madison Servs.*, 90 Fed. Cl. at 682 (Plaintiff cured mootness with supplemental complaint); *Coastal*, 114 Fed. Cl. at 134-35 (same); *Mori Assocs.*, 102 Fed. Cl. at 514 (same). As the Court explained in *Madison Services*, "like *any* agency action made in connection with a procurement, the cancellation of a solicitation is subject to the court's review." *Madison Servs.*, 90 Fed. Cl. at 680 (emphasis in original). Madison Service's supplemental complaint meant that the protest was not moot "because plaintiff has challenged the lawfulness of the cancellation decision, live controversy persists." *Id.* The same rationale applies here as well. ConServe's Supplemental Complaint adds challenges to ED's arbitrary and capricious cancellation of the Solicitation. *See* Dkt. No. 228; *see also Mori Assocs.*, 102 Fed. Cl. at 555 (permanent injunction setting aside arbitrary and capricious cancellation after the plaintiff filed a supplemental protest).

In addition, granting the Government's Motion would not serve any purpose other than forcing ConServe to file a new protest and pay an additional filing fee. But this would not serve any legitimate purpose because "[i]f the court were to deny plaintiff's motion to amend (or, rather, to supplement) its complaint, forcing plaintiff to file a new petition, nothing would be gained save the court's collection of a new filing fee. To paraphrase the Supreme Court, it is far too late in the day, and entirely contrary to the spirit of the rules of the court and to longstanding principles, for decisions on the merits to be avoided or delayed on the basis of such mere technicalities." *Madison Servs.*, 90 Fed. Cl. at 683 (citing *Foman*, 371 U.S. at 181-82). What is more, "Plaintiff 'should not be compelled to jump through these judicial hoops [of filing a new protest] merely for the sake of hypertechnical jurisdiction purity.'" *Id.* (quoting *Newman-Green, Inc. v. Alfonzo Lorrain*, 490 U.S. 826, 837 (1989)). This rationale is especially applicable here, given that ConServe and others have spent significant time and resources over several years competing under this Solicitation and have yet to receive fair and rational treatment from ED. At

the very least, ConServe is entitled to an expeditious resolution of its challenge to ED's most recent prejudicial action.

## CONCLUSION

For the reasons set forth above, the Court should deny the Government's Motion to Dismiss.

        Respectfully submitted,

        */s/ Edward H. Meyers*
        Edward H. Meyers
        **STEIN MITCHELL CIPOLLONE BEATO & MISSNER LLP**
        1100 Connecticut Avenue, NW Suite 1100
        Washington, D.C. 20036
        Telephone: (202) 661-0945
        Facsimile: (202) 296-8312
        Email: emeyers@steinmitchell.com

        *Attorney of Record for Plaintiff Continental Service Group, Inc.*

        Of counsel:
        Robert B. Gilmore
        Philip J. O'Beirne
        **STEIN MITCHELL CIPOLLONE BEATO & MISSNER LLP**
        1100 Connecticut Avenue, NW Suite 1100
        Washington, D.C. 20036
        Telephone: (202) 737-7777
        Facsimile: (202) 296-8312
        rgilmore@steinmitchell.com
        pobeirne@steinmitchell.com

Dated: May 18, 2018.

**CERTIFICATE OF SERVICE**

I certify that on May 18, 2018, a true and correct copy of the foregoing was filed electronically with the Clerk of Court using the ECF system, which will send notifications to all ECF participants.

*/s/ Edward H. Meyers*
Edward H. Meyers
