# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## Bid Protest

|  |  |  |
|---|---|---|
| FMS INVESTMENT CORP. *et al.*,<br>　　　　Plaintiffs, | )<br>)<br>)<br>) |  |
| v. | )<br>) | No. 18-204C *et al.* |
| THE UNITED STATES,<br>　　　　Defendant, | )<br>)<br>) | Judge Wheeler |
| and | )<br>) |  |
| PERFORMANT RECOVERY, INC. *et al.*,<br>　　　　Defendant-Intervenors. | )<br>)<br>) |  |

## ALLTRAN EDUCATION, INC.'S RESPONSE IN SUPPORT OF THE GOVERNMENT'S MOTION TO DISMISS

Pursuant to the Court's May 11, 2018 Order (Dkt. No. 200), Alltran Education, Inc. ("Alltran") hereby responds in support of the Government's May 7, 2018 motion to dismiss the above-captioned consolidated protests (Dkt. No. 189). As discussed further below:

(1) All challenges to the Department of Education's ("ED") prior evaluations and contract awards under Solicitation No. ED-FSA-16-R-0009 (the "Solicitation")—which has now been cancelled—are moot and must be dismissed;

(2) Any new challenges to ED's cancellation of the Solicitation should be filed as new protests;[1] and

(3) The preliminary injunction issued by this Court on February 26, 2018 (Dkt. No. 106) should be lifted, as (a) the predicate for the injunction—the now moot protests—no longer exists, and (b) any new challenges to ED's cancellation of the Solicitation would not warrant continuing or reissuing the injunction.

Accordingly, Alltran respectfully requests that this Court dismiss the current consolidated protests in their entirety and require any parties wishing to challenge ED's cancellation of the Solicitation to file new protests.

---

[1] This is the exact same approach the Court employed earlier in this litigation when it dismissed the consolidated protests under *Continental Service Group, Inc. et al. v. United States* and required parties to file new protests. *See* No. 17-449, Dkt. No. 241.

I.  **THE CONSOLIDATED PROTESTS ARE MOOT AND MUST BE DISMISSED**

The complaints currently before the Court challenge ED's January 2018 contract awards to Windham Professionals, Inc. and Performant Recovery, Inc., as well as the underlying evaluations that led to those awards. However, in cancelling the procurement, ED has terminated those contract awards and rendered those underlying evaluations irrelevant. *See* Dkt. No. 188 (ED Notice of Solicitation Cancellation and Termination of Windham and Performant Awards); Dkt. No. 189 (ED Motion to Dismiss, attaching Solicitation amendment canceling Solicitation in its entirety).

As explained in the Government's motion to dismiss, "'[a]mple precedent exists for dismissing as moot [a] plaintiff's challenge to the original evaluation and award based [on a] decision to cancel the Solicitation . . . .'" Dkt. No. 189 at 4 (quoting *Square One Armoring Serv., Inc. v. United States*, 123 Fed. Cl. 309, 325 (2015)). Indeed, many of the plaintiffs in these consolidated protests—Alltran included—readily concede that ED's cancellation of the Solicitation renders their protests of the prior, but now terminated, awards moot. *See, e.g.*, Dkt. No. 209 (Alltran Notice that it will not oppose dismissal).[2]

Many of the plaintiffs who oppose dismissal do so on the basis that they have filed supplemental complaints adding allegations challenging ED's cancellation of the Solicitation. By and large, those plaintiffs do not contend that their original allegations are still ripe, but instead argue simply that their new allegations—and by extension their entire supplemental complaints—should not be dismissed. However, those arguments fail.

---

[2]   Like many other parties, while Alltran agrees that its protest is moot and dismissal is appropriate for all of the consolidated *FMS* protests, Alltran respectfully requests that the Court not dismiss Alltran's suit if all protests are not dismissed—so that Alltran may continue to participate in these proceedings and protect its unique interests. To the extent Alltran's protest is dismissed but other protests are not, Alltran would then move to intervene in the proceedings.

Specifically, most, if not all, plaintiffs filing supplemental complaints rely on *Coastal Environmental Group, Inc. v. United States*, 114 Fed. Cl. 124 (2013), and *Madison Services, Inc. v. United States*, 90 Fed. Cl. 673 (2009), to argue that they should be allowed to supplement their complaints and that none of their allegations should not be dismissed. However, in both *Coastal* and *Madison*, the Court *dismissed* the plaintiffs' original allegations as moot.

The same result should obtain here. Regardless of whether plaintiffs are allowed to file new allegations challenging ED's cancellation of the Solicitation—which should be filed as new protests, *see* § II below—all plaintiffs' existing complaints challenging the awards to Windham and Performant (and the evaluations that led to those awards) are moot and must be dismissed.

## II. ANY NEW CHALLENGES TO ED'S CANCELLATION OF THE SOLICITATION SHOULD BE FILED AS NEW PROTESTS

When ED announced its awards to Windham and Performant, there were already multiple protests pending in this Court—consolidated under *Continental Service Group, Inc. v. United States*, No. 17-449—challenging ED's prior evaluations and corrective action under the Solicitation. "[I]n the interest of judicial efficiency," this Court dismissed the *Continental* protests without prejudice and required that any parties wishing to challenge ED's award decisions had to file new protests. *See* No. 17-449, Dkt. No. 241 (Order dismissing *Continental* protests). The same process should be followed here.

Requiring parties to file new protests (and then consolidating those new protests together) would be more efficient than prolonging the consolidated *FMS* cases for, at a minimum, the following reasons:

- As discussed in § I above, regardless of whether parties may file new protests challenging ED's cancellation of the Solicitation, all original allegations challenging the prior evaluations that led to the Windham and Performant awards are moot and must be dismissed. Thus, continuing the *FMS* cases would already require all parties to file supplemental complaints and would further require the Court to carve out and dismiss each of the original allegations.

- The issue and Administrative Record before the Court in a cancellation protest will be distinct from those in the *FMS* protests, which challenged the prior evaluations and awards. Starting fresh with new protests regarding only the cancellation would allow this Court and the parties to efficiently analyze that single issue and the appropriate Administrative Record pertaining to that issue (which Administrative Record has not yet been produced in the *FMS* cases, *see* § III below).

- The roles and relationships of the various parties in the *FMS* protests will not be the same in forthcoming cancellation protests. The most obvious example is the current Defendant-Intervenors, Windham and Performant: neither currently has a complaint on file with this Court, yet each opposes dismissal—of the very complaints that challenge their own awards.

- Similarly, numerous *FMS* plaintiffs have indicated that they do not oppose dismissal. Going forward, those parties may file their own complaints and become plaintiffs in a new action or, alternatively, they may seek to intervene in such new protests—either in support of the other plaintiffs or in support of ED's cancellation decision. Either way, starting fresh with a new set of consolidated protests would clarify for the Court and parties the respective issues at play and the perspectives of the numerous parties.

- Finally, at least one party has already notified the Court that it intends to file an entirely new complaint challenging ED's cancellation decision. *See* Dkt. No. 216 (Notice of Automated Collection Services, Inc.). That standalone challenge to the cancellation decision (as well as any additional such challenges filed), will need to be further consolidated. It makes sense to consolidate such protests on a clean slate, just as the Court previously did after dismissing the *Continental* protests.

For each of these reasons, this Court should follow the same process used in *Continental*: dismiss the consolidated *FMS* protests and require parties to file new protests (should they so desire) challenging ED's cancellation of the Solicitation.

### III. THE FEBRUARY 26, 2018 PRELIMINARY INJUNCTION ISSUED IN THE NOW MOOT CASES SHOULD BE LIFTED

Because the allegations in the original *FMS* protests are moot and must be dismissed, the January 26, 2018 preliminary injunction issued in response to those allegations should also be lifted. *See* Dkt. No. 106. The Court issued that injunction after finding that (1) plaintiffs were likely to prevail on their challenges to ED's awards to Windham and Performant, and (2) the equities supported a preliminary injunction at that time, to prevent ED from recalling certain

contractors' accounts that could potentially be transferred to those contractors' hypothetical new awards (should they receive new awards under the Solicitation). Both of those analyses have now changed.

First, the question before the Court in any new cancellation protests will be whether ED's decision to cancel the procurement was rational. On that issue, no Administrative Record has yet been produced. Thus, it is entirely speculative whether any plaintiffs will be likely to prevail on the merits of their challenges. *Cf.* Dkt. No. 106 at 5-6 (explaining that the protests were not speculative precisely because an abbreviated Administrative Record had already been filed).

Second, the equities no longer favor an injunction. The plaintiffs' original theory of harm in support of the injunction was that they might potentially receive an award under the Solicitation, and that their old accounts[3] might then potentially be transferred to those new contracts. However, ED has cancelled the Solicitation in its entirety, further severing any connection between ED's recall of the old accounts and the plaintiffs' new challenges. To establish harm now, the plaintiffs would need to demonstrate that (1) they might succeed on challenging the cancellation, (2) they might then succeed in requiring ED to reopen the procurement, (3) they might then receive a new award in that reopened procurement, *and* (4) ED might then choose in its discretion to transfer their old accounts to that new award. But each step in that process is entirely speculative, and the plaintiffs cannot meet the exacting standard necessary for a preliminary injunction. *See, e.g.*, *Cont'l Serv. Grp., Inc. v. United States*, No. 2017-2155, 2018 WL 388634, at *6 (Fed. Cir. Jan. 12, 2018) (unpublished) (rejecting similarly speculative, multi-step theory of harm in support of requested preliminary injunction).

---

[3] The accounts ED sought to recall were non-paying accounts that ED had assigned to contractors on or before December 2016. Thus, the contractors have had well over a year—if not much longer—to make progress collecting on those accounts, but have failed to do so.

Additionally, without the Solicitation, the plaintiffs have no opportunity to receive a new contract onto which their old accounts would be transferred.  Thus, ED's recall of those accounts is entirely a function of contract administration under their prior contracts—which is a Contract Disputes Act matter beyond this Court's bid protest jurisdiction.

For each of these reasons, the rationale underlying the February 26 preliminary injunction has eroded, and the preliminary injunction should be lifted.

## CONCLUSION

For the foregoing reasons, Alltran respectfully requests that this Court grant the Government's May 7, 2017 motion to dismiss (Dkt. No. 189).[4]

May 18, 2018

Of Counsel:
James G. Peyster
Robert J. Sneckenberg
Stephanie L. Crawford
JPeyster@crowell.com
RSneckenberg@crowell.com
SCrawford@crowell.com

Respectfully submitted,

s/ Daniel R. Forman
Daniel R. Forman
   (Counsel of Record)
Crowell & Moring LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004-2595
Tel: (202) 624-2504
Fax: (202) 508-8989
DForman@crowell.com

*Attorneys for Alltran Education, Inc.*

---

[4] As noted above (n.2), should the Court determine not to dismiss the *FMS* protests in their entirety, Alltran respectfully requests that its protest not be dismissed (and thus that Alltran be permitted to remain a party to the consolidated protests), so that Alltran may continue to protect its unique interests.