# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## Washington, D.C.

## BID PROTEST

| | |
|---|---|
| FMS Investment Corp., *et al.*, | CFC Nos. 18-204C, 18-206C, 18-207C, 18-208C, 18-211C, 18-214C, 18-216C, 18-220C, 18-229C, 18-238C, 18-239C, 18-245C, 18-246C, 18-248C, 18-251C, 18-252C, 18-261C, 18-275C, 18-328C, 18-498C (consolidated) |
| Plaintiffs, | |
| v. | |
| THE UNITED STATES, | Judge Thomas C. Wheeler |
| Defendant | |
| and | |
| PERFORMANT RECOVERY, INC., *et al.*, | |
| Defendant-Intervenors. | |

## PLAINTIFF PIONEER CREDIT RECOVERY, INC.'S REPLY TO VARIOUS PARTIES' REQUESTS FOR EXTENSION OF THE PRELIMINARY INJUNCTION

Plaintiff Pioneer Credit Recovery, Inc. ("Pioneer"), through undersigned counsel, submits the following brief reply in opposition to the May 18, 2018 requests to extend the preliminary injunction ("PI") issued in the above consolidated cases on February 26, 2018. ECF[1] No. 126 (PI)[2]; ECF No. 224 at 9 n.7 (Account Control Technology, Inc.); ECF No. 218 at 7 (FMS Investment Corp.); ECF No. 231 at 12-14 (GC Services Limited Partnership).[3] Although three parties formally requested extensions of the PI, filings by other parties on May 18, 2018, appear to seek similar extensions.

---

[1] Unless otherwise noted, references to "ECF" are to the docket in COFC Case No. 18-204.
[2] The Opinion and Order granting the PI was originally filed under seal on February 26, 2018. See ECF No. 106. The Opinion and Order was reissued for publication on March 6, 2018. See ECF No. 126. The public version of the Opinion and Order at ECF No. 126 is referenced in this filing.
[3] Plaintiff Central Credit Services, LLC's opposition to the government's motion to dismiss appears to request the Court issue a permanent injunction. ECF No. 237 at 4.

The Court should dissolve the February 26, 2018 PI because the protests and all relevant facts upon which they were based are no longer operative. To the extent any party seeks a PI based on new facts associated with any challenges to the United States Department of Education's ("ED") cancellation of Solicitation No. ED-FSA-16-R-0009, such parties should file new requests for temporary restraining orders ("TROs") or PI based on the new facts. After briefing and argument, the Court can then evaluate the requests under the applicable four-part injunctive relief test. There is no automatic right to an injunction.

The February 26 PI was based on specific alleged errors regarding the evaluation of proposals and ED's recalling of accounts in light of its new awards. See ECF No. 126 at 3-4 (Sections A and B). The Court's PI rested on this finding: "the Court has serious questions over ED's evaluation of proposals in this procurement. The evidence currently before the Court points to inconsistencies, omissions, unequal treatment of offerors, and cherry-picked data that the Court finds to be rather problematic. Based on these initial observations, the Court finds that Plaintiffs have demonstrated a likelihood of success on the merits in their bid protests." Id. at 4. ED's actions demonstrate that it has accepted this finding. The questioned data is no longer operative because ED has cancelled the procurement and made clear that it will not under any circumstances rely on the data that the Court questioned in its February 26 PI decision. See ECF No. 188 (notice of cancellation of the solicitation); ECF No. 189 at 4 (ED motion to dismiss citing cases and noting "When ED canceled the solicitation and terminated the awards for convenience, it eliminated the entire basis for the complaints (the allegedly faulty award decision)."); ECF No. 189-1 (cancellation amendment).

Any remaining issues regarding the incumbent contracts provide no basis for extension of the PI. To the extent ED administratively recalls existing accounts under the expired incumbent task orders, any dispute regarding that matter is a function of contract administration

to be resolved under the Contract Disputes Act ("CDA"), 41 U.S.C. §§ 7101-09.  This Court does not have bid protest jurisdiction to hear those claims.  The incumbent 2015 award term extension ("ATE") contracts have now run their course and under the express terms of those ATEs, the contractors are not entitled to retain existing accounts.

Given the absence of bid protest jurisdiction regarding the recall of accounts and ED's recent actions, the February 26 PI should now be dissolved.

I.  **The February 26 PI Should be Dissolved Because It was Issued Based on Allegations that are Moot in Light of ED's Cancellation of the Solicitation and Any Alleged Harm Now is Speculative**

Regardless of whether the Court dismisses the protests as moot, the Court should not extend the February 26 PI.  Rather, the PI should be dissolved because the relevant facts relied on by the parties requesting the PI to show likelihood of success are no longer operative.  Under no circumstances will ED rely on the data that the Court questioned in issuing the PI.  Therefore, the PI should dissolve by its own terms.  Since the questioned data is no longer operative, there is nothing in the record showing the plaintiffs are likely to succeed on the merits of their protests.

The original complaints filed in the above consolidated case protested ED's corrective action evaluation and the awards to Windham Professionals, Inc. ("Windham") and Performant Recovery, Inc. ("Performant").  In its February 6, 2018 PI decision, the Court concluded:

> While a full administrative record has not yet been filed in this case, the Court has before it a set of core documents from ED that include, among other things, ED's Past Performance, Technical Evaluation, and Small Business Evaluation Committees' Consensus Reports, the Source Selection Decision Memorandum, and the Contracting Officer's Responsibility Determination.  See Dkt. No. 70.  *After reviewing this documentation and considering Plaintiffs' arguments both in their motions and in open court, the Court has serious questions over ED's evaluation of proposals in this procurement.  The evidence currently before the Court points to inconsistencies, omissions, unequal treatment of offerors, and cherry-picked data that the Court finds to be rather problematic.  Based on these initial observations, the Court finds that Plaintiffs*

3

>   *have demonstrated a likelihood of success on the merits in their bid protests.*

ECF 126 at 3-4. (emphasis added).

ED subsequently notified the Court that it was cancelling the procurement. ECF No. 188 at 2; ECF No. 189-1. As a result, ED was declaring that it would no longer rely on the questioned data. Instead, any new evaluation would be based on a re-issued or amended solicitation. Accordingly, all factual findings regarding likelihood of success for the original protests are no longer operative and the PI should be dissolved.

Even if the Court denies the ED Motion to Dismiss (ECF No. 189), grants any party leave to amend its complaint, or hears new protests regarding cancellation, there is no basis to continue the February 26 PI. Instead, the Court would need to assess any new TRO or PI request based on a new record. In such action, the Court's previous questions and findings regarding ED's evaluation data would not be relevant.

There can be no PI now based on any new facts alleged by any party: This Court does not have before it requests for a TRO or PI in light of the new allegations regarding the cancellation of the solicitation supported by any facts regarding plaintiffs' required showing of likelihood of success on the merits, irreparable harm, balance of harms, and the public interest.

## II.   Any Remaining Complaint Regarding the Recall of Accounts is a Matter of Contract Administration

Given ED's decision to abandon the materially flawed evaluation questioned by the Court, there is no remaining factual basis to maintain the PI. Any ED recall of existing accounts under the expired incumbent task orders is a matter of contract administration and any dispute must be resolved under the CDA, 41 U.S.C. §§ 7101-09. Under the ATE order terms, contract holders are not entitled to have accounts transfer from the old task order to the new, the orders use the term "may," not "shall." Section B.3(3) provides: "If the Contractor enters into a

4

subsequent Task Order or contract with ED for debt collection services, at any time during the in-repayment retention period of this Task Order, ED *may* transfer any or all accounts from this Task Order to the new Task Order or contract." (emphasis added).  In any event, the 2015 ATEs two-year terms have ended.  ED is required to recall the accounts at issue, not extend the orders indefinitely.

Any dispute concerning this process is covered by the CDA, not subject to the Court's bid protest jurisdiction.  The accounts addressed by the incumbents should have already been recalled based on the ATEs entering the repayment period in April 2017.  This Court does not have bid protest jurisdiction to hear claims of contract administration.

Given the absence of bid protest jurisdiction on this issue and ED's recent actions, the PI should now be dissolved.

                                                                 Respectfully submitted,

Date:  May 23, 2018                           By: /s/ Jonathan D. Shaffer
                                                         Jonathan D. Shaffer (jshaffer@smithpachter.com)
                                                         SMITH PACHTER MCWHORTER PLC
                                                         8000 Towers Crescent Drive, Suite 900
                                                         Tysons Corner, Virginia 22182
                                                         Tel: (703) 847-6300
                                                         Fax: (703) 847-6312
                                                         *Counsel of Record for*
                                                         *Pioneer Credit Recovery, Inc.*

*Of Counsel*
Mary Pat Buckenmeyer (mbuckenmeyer@smithpachter.com)
Todd M. Garland (tgarland@smithpachter.com)
SMITH PACHTER MCWHORTER PLC

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 23rd day of May 2018, Pioneer Credit Recovery, Inc.'s Reply to Various Parties' Requests for Extension of the Preliminary Injunction was electronically filed. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                              /s/ Jonathan D. Shaffer
                                              Jonathan D. Shaffer