# In the United States Court of Federal Claims

Nos. 18-204C, 18-206C, 18-207C, 18-208C, 18-211C, 18-214C, 18-216C, 18-220C,
18-229C, 18-238C, 18-239C, 18-245C, 18-246C, 18-248C, 18-251C, 18-252C, 18-261C,
18-275C, 18-328C, 18-498C
(consolidated)

(Filed: May 29, 2018)

```
*****************************************  *
                                           *
FMS INVESTMENT CORP., et al.,              *
                                           *
               Plaintiffs,                 *
                                           *
v.                                         *    Post-Award    Bid    Protest;
                                           *    Department of Education Loan
THE UNITED STATES,                         *    Collections; Motion to Dismiss;
                                           *    RCFC 12(b)(1); Motion for Leave
               Defendant,                  *    to File Supplemental Pleadings;
                                           *    RCFC    15(d);    Mootness;
and                                        *    Cancellation of Solicitation.
                                           *
PERFORMANT RECOVERY, INC., et al.,         *
                                           *
               Defendant-Intervenors.      *
                                           *
                                           *
*****************************************  *
```

*David R. Johnson*, with whom was *Tyler E. Robinson*, Vinson & Elkins LLP, Washington, D.C., for Plaintiff FMS Investment Corp.

*Jonathan S. Aronie*, with whom was *Townsend L. Bourne*, Sheppard Mullin Richter & Hampton LLP, Washington, D.C., for Plaintiff Account Control Technology, Inc.

*Paul A. Debolt*, with whom were *Chelsea B. Knudson*, *Michael T. Francel*, and *James Y. Boland*, Venable LLP, Washington, D.C. and Tysons Corner, Virginia, for Plaintiff Transworld Systems, Inc.

*William M. Jack*, with whom were *William C. MacLeod*, *David E. Frulla*, and *Amba M. Datta*, Kelley Drye & Warren LLP, Washington, D.C., for Plaintiff GC Services Limited Partnership.

*Thomas P. McLish*, with whom was *Scott M. Heimberg*, Akin Gump Strauss Hauer & Feld LLP, Washington, D.C., for Plaintiff Texas Guaranteed Student Loan Corp.

*Jeffery M. Chiow*, with whom were *Neil H. O'Donnell*, *Lucas T. Hanback*, and *Stephen L. Bacon*, Rogers Joseph O'Donnell, Washington, D.C., for Plaintiff The CBE Group, Inc.

*Jonathan D. Shaffer*, with whom were *Mary Pat Buckenmeyer* and *Sean K. Griffin*, Smith Pachter McWhorter LLC, Tysons Corner, Virginia, for Plaintiff Pioneer Credit Recovery, Inc.

*Thomas A. Coulter*, O'Hagan Meyer PLLC, Richmond, Virginia, for Plaintiff Progressive Financial Services, Inc.

*Megan C. Connor*, with whom were *Julia Di Vito*, *Matthew E. Feinberg*, and *Kathryn M. Kelley*, PilieroMazza PLLC, Washington, D.C., for Plaintiff Coast Professional, Inc.

*Lawrence S. Sher*, with whom were *Lawrence P. Block* and *Elizabeth Leavy*, Reed Smith LLP, Washington, D.C., for Plaintiff Central Credit Services, LLC.

*John R. Tolle*, Baker, Cronogue, Tolle, & Werfel, LLP, McLean, Virginia, for Plaintiff Delta Management Associates, Inc.

*Michael A. Richard*, with whom were *Michael H. Payne* and *Jacqueline J. Ryan*, Cohen, Seglias, Pallas, Greenhall & Furman, P.C., Philadelphia, Pennsylvania, for Plaintiff Gatestone & Co. International, Inc.

*Edward H. Meyers*, with whom were *Robert B. Gilmore* and *Philip J. O'Beirne*, Stein Mitchell Cipollone Beato & Missner LLP, Washington, D.C., for Plaintiff Continental Service Group, Inc.

*Robert K. Tompkins*, with whom were *Mary Beth Bosco*, *Rodney M. Perry*, *Lelia George-Wheeler*, and *Gordon N. Griffin*, Holland & Knight LLP, Washington, D.C., for Plaintiff Immediate Credit Recovery, Inc.

*Stuart B. Nibley*, with whom were *Amy M. Conant*, *Erica L. Bakies*, and *Jenna M. Lorence*, K&L Gates LLP, Washington, D.C., for Plaintiff Allied Interstate LLC.

*John R. Prairie*, with whom were *Brian G. Walsh* and *Cara L. Lasley*, Wiley Rein LLP, Washington, D.C., for Plaintiff Automated Collection Services, Inc.

*Joseph J. Petrillo*, with whom was *Karen D. Powell*, Petrillo & Powell, PLLC, Washington, D.C., for Plaintiff Collecto, Inc. d/b/a EOS CCA.

*Holly A. Roth*, with whom was *Thomas Folk*, Reed Smith LLP, McLean, Virginia, for Plaintiff Williams & Fudge, Inc.

*James C. Fontana*, with whom were *Jeffry R. Cook* and *James C. D'Agostino*, Dempsey Fontana, PLLC, Tysons Corner, Virginia, for Plaintiff Value Recovery Holdings, LLC.

*Daniel R. Forman*, with whom were *James G. Peyster*, *Robert J. Sneckenberg*, and *Stephanie L. Crawford*, Crowell & Moring LLP, Washington, D.C., for Plaintiff Alltran Education, Inc.

*David R. Pehlke*, with whom were *Chad A. Readler*, Acting Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, *Patricia M. McCarthy*, Assistant Director, Civil Division, U.S. Department of Justice, Washington, D.C., as well as *Jose Otero* and *Sarah Falk*, General Attorneys, Office of the General Counsel, U.S. Department of Education, for Defendant.

*Michael McGill*, with whom were *Thomas L. McGovern III*, *Christine Reynolds*, and *Thomas A. Pettit*, Hogan Lovells US LLP, Washington, D.C., for Defendant-Intervenor Performant Recovery, Inc.

*David T. Ralston, Jr.*, with whom were *Frank S. Murray*, *Micah T. Zomer*, and *Krista Nunez*, Foley & Lardner LLP, Washington, D.C., for Defendant-Intervenor Windham Professionals, Inc.

OPINION

WHEELER, Judge.

On May 25, 2018, the Court issued an Order granting the Government's motion to dismiss this consolidated bid protest, lifting the February 26, 2018 Preliminary Injunction ("PI"), denying Plaintiffs' motions for leave to file supplemental pleadings, and denying as moot Defendant-Intervenor Performant Recovery, Inc.'s motion for partial dismissal. See Dkt. No. 247. This Opinion provides further explanation of the Court's decision.

Background

A. Brief Overview of This Bid Protest

In this post-award bid protest, twenty plaintiffs challenge the Department of Education's ("ED" or "the Agency") decision to award debt collection contracts for

defaulted student loans to awardees Performant Recovery, Inc. ("Performant") and Windham Professionals, Inc. ("Windham"). Each consolidated Plaintiff alleges that ED acted arbitrarily, capriciously, and without a rational basis in evaluating Plaintiffs' proposals and making its final award decision. This is the second round of bid protests related to the solicitation at issue, with the first round of protests dismissed by this Court on February 14, 2018, roughly a month after the Agency completed corrective action.

Between February 2, 2018 and February 16, 2018, Plaintiffs FMS Investment Corp., Account Control Technology, Inc., GC Services Limited Partnership, and Continental Service Group, Inc. filed motions for Preliminary Injunctions to enjoin ED from (1) proceeding with new contract awards under Solicitation No. ED-FSA-16-R-0009; and (2) recalling borrower accounts that the above-mentioned Plaintiffs are currently servicing under 2015 Award Term Extensions ("2015 ATE") to the July 2009 Private Collection Agency ("PCA") task orders as part of ED's contract transition to the new awards. The Government made multiple representations to the Court that ED had voluntarily agreed to stay its contract awards to Performant and Windham during the pendency of this bid protest, excluding appeal, and the Court granted part two of the preliminary injunction motions on February 26, 2018. See Dkt. No. 106.

On March 2, 2018, Performant filed a motion to disqualify Pillsbury Winthrop Shaw Pittman LLP ("Pillsbury") as counsel for Plaintiff Continental Service Group, Inc. ("ConServe"), citing a concurrent conflict of interest because Performant is also a current client of Pillsbury—although not in this particular matter—and is directly adverse to ConServe in this litigation. Dkt. No. 110. The Court granted Performant's motion on March 23, 2018, Dkt. No. 160, and issued a more substantive Opinion on the disqualification issue on March 29, 2018. Dkt. No. 163.

On March 9, 2018, the Government produced the Administrative Record ("AR") in this case. See Dkt. No. 131. The Government's filing prompted a slew of motions to supplement the AR by Plaintiffs, followed by a Notice from the Government that ED was unlikely to pursue continued litigation in this bid protest. See Dkt. No. 149. In light of the Government's Notice, the Court suspended the MJAR briefing schedule in this case and ordered the Government to produce certain documents to Plaintiffs while ED decided its next steps in this procurement and litigation. See Dkt. No. 160. On April 11, 2018, the Government filed a Notice with the Court indicating that ED would announce its final decision on how it planned to proceed with the procurement by May 4, 2018. Dkt. No. 178. The Government filed a final Notice on May 3, 2018, informing the Court and the parties that ED cancelled the solicitation at issue and terminated for convenience its awards to Performant and Windham. Dkt. Nos. 188, 189.

B. The Government's Motion to Dismiss and Plaintiffs' Motions for Leave to File Supplemental Pleadings

On May 7, 2018, the Government filed a motion to dismiss this bid protest and to lift the February 26, 2018 PI, arguing that ED's decision to cancel the solicitation rendered Plaintiffs' claims moot. Dkt. No. 189, at 1. Shortly thereafter, the following twelve Plaintiffs moved for leave to file supplemental pleadings under RCFC 15(d) to add claims that ED's decision to cancel the solicitation was arbitrary, capricious, and contrary to law: FMS Investment Corp. (Dkt. No. 214); Account Control Technology, Inc. (Dkt. No. 215); Texas Guaranteed Student Loan Corp. (Dkt. No. 221); Transworld Systems, Inc. (Dkt. No. 223); Gatestone and Co. International, Inc. (Dkt. No. 226);[1] GC Services Limited Partnership (Dkt. No. 227); Continental Service Group, Inc. (Dkt. No. 228); Williams and Fudge, Inc. (Dkt. No. 230); CBE Group, Inc. (Dkt. No. 233); Delta Management Associates, Inc. (Dkt. No. 235); Progressive Financial Services, Inc. (Dkt. No. 236); and Central Credit Services, LLC (Dkt. No. 246) (collectively, "Moving Plaintiffs"). In their motions, the Moving Plaintiffs assert that their claims are not moot because the Court has bid protest jurisdiction over their supplemental claims challenging ED's decision to cancel the solicitation.

On May 18, 2018, 17 parties, including Defendant-Intervenors Performant and Windham, filed formal responses to the Government's motion to dismiss.[2] Of the 17, 14 opposed the motion, two did not oppose, and one—Automated Collection Services, Inc.— filed a Notice with the Court indicating that it did not oppose the Government's motion and would be filing a new bid protest complaint in the Court challenging ED's cancellation of the solicitation. Dkt. No. 216.[3] The Government filed its reply on May 23, 2018, and the Court has deemed oral argument unnecessary.

C. Performant's Motion for Partial Dismissal

On March 15, 2018, Defendant-Intervenor Performant filed a motion for partial dismissal of all counts in Plaintiffs' complaints that allege ED extended preferential treatment to Performant during the evaluation process because of Education Secretary

---

[1] The Court notes that Gatestone did not file a formal motion for leave to file supplemental pleadings; rather, it requested leave in its response to the Government's motion to dismiss. See Dkt. No. 226.

[2] The following Plaintiffs did not file a formal response to the Government's motion: Delta Management Associates, Inc.; Coast Professional, Inc.; Collecto, Inc. d/b/a EOS CCA; Immediate Credit Recovery, Inc.; and Allied Interstate LLC. The Court notes that Coast Professional, Inc, Collecto, Inc. d/b/a EOS CCA, Immediate Credit Recovery, Inc., and Allied Interstate LLC indicated to the Court on May 11, 2018 that they did not intend to oppose the Government's motion. See Dkt. Nos. 204, 207, 211, and 212.

[3] In addition to filing a "Notice of Intent to File Bid Protest" on May 18, 2018, Dkt. No. 216, Automated Collection Services, Inc. also filed a formal "Directly Related Bid Protest Pre-Filing Notice" with the Clerk's Office on May 25, 2018.

Betsy DeVos' former financial ties to Performant. Dkt. No. 140. The parties concluded briefing Performant's motion on April 26, 2018, and the Court likewise deems oral argument unnecessary.

Discussion

The Tucker Act grants this Court subject matter jurisdiction over bid protests. 28 U.S.C. § 1491(b)(1) (2012). In a bid protest, the Court reviews an agency's decision pursuant to the standards set out in the Administrative Procedure Act ("APA"). 28 U.S.C. § 1491(b)(4) (2012); 5 U.S.C. § 706 (2012). Under the APA, this Court shall set aside an agency action if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A) (2012); see Banknote Corp. of Am., Inc. v. United States, 365 F.3d 1345, 1350–51 (Fed. Cir. 2004). An agency's decision does not violate the APA if the agency "provided a coherent and reasonable explanation of its exercise of discretion." Impresa Construzioni Geom. Domenico Garufi v. United States, 238 F.3d 1324, 1332–33 (Fed. Cir. 2001). Further, an agency must articulate a "rational connection between the facts found and the choice made." Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983) (citation omitted). The Court's review is "highly deferential" to the agency as long as the agency has rationally explained its award decision. Bannum, Inc. v. United States, 91 Fed. Cl. 160, 169–70 (2009).

Even if the agency acted without a rational basis, the Court cannot grant relief unless the agency's action prejudiced the protestor. Bannum, Inc. v. United States, 404 F.3d 1346, 1351 (Fed. Cir. 2005). Erroneous agency action prejudices a protestor if, but for the agency's error, there was a "substantial chance" that the agency would have awarded the contract to the protestor. Alfa Laval Separation, Inc. v. United States, 175 F.3d 1365, 1367 (Fed. Cir. 1999) (internal citation omitted); see also Bannum, 404 F.3d at 1353. However, as a threshold matter in this case, the Court must first assess whether ED's decision to cancel the solicitation at issue has mooted Plaintiffs' bid protest claims altogether.

A. The Government's Motion to Dismiss

In its motion to dismiss, the Government argues that ED's decision to cancel the solicitation at issue in this case has mooted Plaintiffs' protests. Courts have no subject matter jurisdiction over moot claims. See CW Gov't Travel, Inc. v. United States, 46 Fed. Cl. 554, 556 (2000) (citing North Carolina v. Rice, 404 U.S. 244, 246 (1971)). Therefore, the Court's analysis of the Government's mootness argument is substantially the same as it would be for a motion to dismiss for lack of subject matter jurisdiction under RCFC 12(b)(1). See Tech. Innovation, Inc. v. United States, 93 Fed. Cl. 276, 278 (2010). When a defendant files a motion under RCFC 12(b)(1), the Court must "assume all factual allegations to be true and . . . draw all reasonable inferences in plaintiff's favor." Wurst v. United States, 111 Fed. Cl. 683, 685 (2013) (quoting Henke v. United States, 60 F.3d 795,

6

797 (Fed. Cir. 1995)). However, a plaintiff must establish that jurisdiction exists "by a preponderance of the evidence." Id. (citing Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988)).

1. ED's Actions Have Mooted Plaintiffs' Protests.

Although mootness is part of the "case or controversy" requirement in Article III of the United States Constitution, see Gerdau Ameristeel Corp. v. United States, 519 F.3d 1336, 1340 (Fed. Cir. 2008), the doctrine also applies in this Article I Court. See Brookfield Relocation Inc. v. United States, 113 Fed. Cl. 74, 77 (2013). A case should be dismissed as moot if "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Rice Servs., Ltd. v. United States, 405 F.3d 1017, 1019 n.3 (Fed. Cir. 2005) (citation omitted). The parties lack such an interest if the defendant's alleged act will not recur, and if intervening events have "completely and irrevocably eradicated the effects of the alleged violation." CW Gov't Travel, 46 Fed. Cl. at 557 (quoting Los Angeles v. Davis, 440 U.S. 625, 631 (1979)).

For example, bid protest actions brought pursuant to this Court's jurisdiction under 28 U.S.C. § 1491(b)(1) may become moot if the government cancels the challenged procurement. See, e.g., Coastal Envtl. Grp. v. United States, 114 Fed. Cl. 124, 131 (2013) ("[T]he Court of Federal Claims has consistently found that the cancellation of a procurement renders a protest of that procurement moot."); Lion Raisins, Inc. v. United States, 69 Fed. Cl. 32, 34 (2005) (holding that plaintiffs could not complain that the contracts at issue were improperly awarded after the solicitation was cancelled "because the contracts were not awarded to any bidder."); CCL Service Corp. v. United States, 43 Fed. Cl. 680, 690 (1999) (holding that the protestor's claims were "definitely moot in light of the cancellation of the contracts." (citing Durable Metal Prods., Inc. v. United States, 27 Fed. Cl. 472, 477 (1993))).

Here, ED has cancelled the solicitation at issue in this bid protest and terminated for convenience its contract awards to Performant and Windham. As such, Plaintiffs' complaints challenging ED's evaluation of proposals and award decisions are now moot. To the extent Plaintiffs argue that other counts in their complaints remain live, the Court has evaluated these arguments and find them to be without merit. Accordingly, the Court GRANTS the Government's motion to dismiss.

2. The February 26, 2018 PI Can No Longer Be Maintained.

In its motion to dismiss, the Government also requests that the Court lift the February 26, 2018 PI entered in this case, which enjoined the Government from recalling in-repayment borrower accounts that Plaintiffs FMS Investment Corp., Account Control Technology, Inc., GC Services Limited Partnership, and Continental Service Group, Inc. are currently servicing under their 2015 ATEs to the July 2009 PCA task orders that were

part of ED's contract transition to the now non-existent new awards. See Def.'s Mot. at 4. In so doing, the Government contends that the PI is no longer valid because it was predicated on a set of findings related to claims over ED's prior evaluations and award decisions—claims which are now moot. See Def.'s Rep. at 6. The above-mentioned Plaintiffs argue that the PI should remain in effect until the Court has fully resolved this bid protest, including resolving the Moving Plaintiffs' not-yet filed challenges over ED's cancellation decision.

The Court agrees with the Government that it can no longer maintain the February 26, 2018 PI, as the facts upon which the PI was predicated—mainly facts related the Court's concerns over ED's evaluation of proposals in this procurement—are no longer operative. Even if the Court were to allow the Moving Plaintiffs to file their supplemental claims protesting ED's cancellation decision, the Court would still have to conduct a new factual analysis under the PI factors to determine whether it could justify entering another PI in this case since the facts of this case have significantly changed. Moreover, the Government has indicated to the Court that ED will voluntarily stay any recall of these accounts until June 30, 2018, which allows Plaintiffs enough time to file new motions for TROs or PIs along with their new bid protests, should they decide to take this course of action. See Def.'s Rep. at 6. As such, the Court LIFTS the February 26, 2018 PI (Dkt. No. 106) entered in this case.

B. The Moving Plaintiffs' Motions for Leave to File Supplemental Pleadings

In an attempt to cure the Court's jurisdictional deficiency over Plaintiffs' now moot claims, the Moving Plaintiffs argue that they should be allowed to file supplemental complaints asserting new counts that challenge ED's decision to cancel the solicitation at issue in this bid protest. To support their arguments, the Moving Plaintiffs rely primarily on Coastal Envtl. Grp. v. United States, 114 Fed. Cl. 124 (2013) and Madison Servs., Inc. v. United States, 90 Fed. Cl. 673 (2009), and to a lesser extent Veterans Contracting Grp. v. United States, 135 Fed. Cl. 610 (2017), appeal docketed, No. 18-1409 (Fed. Cir. Jan. 16, 2018) and MORI Assocs., Inc. v. United States, 102 Fed. Cl. 503 (2011). The Court acknowledges that in each of these four cases, the Court allowed plaintiffs to file supplemental complaints protesting the cancellation of a solicitation in order to partially defeat the Government's motion to dismiss.[4] However, for the following reasons, the Court disagrees with the Moving Plaintiffs' contention that this course of action is the most judicially efficient method of handling these new bid protest grounds moving forward.

---

[4] The Court also notes, however, that although the Court in Coastal Envtl. Grp. and Madison Servs., Inc. allowed the plaintiffs to file supplemental complaints challenging the agency's decision to cancel the solicitations at issue in those cases, the Court also granted the Government's motion to dismiss those counts in each plaintiff's complaint that did not relate solely to the new protest ground. See Coastal Envtl. Grp., 114 Fed. Cl. at 134; Madison Servs., Inc., 90 Fed. Cl. at 683.

8

First, the four bid protest cases the Moving Plaintiffs rely on contained only one protestor, whereas this bid protest contains twenty. While it may be judicially efficient to allow a single protestor to supplement its pleadings instead of filing a new complaint, the same cannot be said in this case, which has already seen its fair share of complexity and entanglement. It would be highly inefficient for the Court to go back and individually dismiss the counts in each Plaintiff's complaint that do not relate to ED's cancellation of the solicitation; instead, it would be more efficient for the Court and the parties to start on a fresh slate of protests with clean, narrowly focused complaints centered on the cancellation issue alone.

Second, the very process the Moving Plaintiffs complain of that would result from having to file new complaints would still result even if this Court allowed the supplemental complaints to move forward: the Government would still have to produce an AR related to its cancellation decision, and the parties would still have to proceed with an MJAR briefing schedule. Instead of "complicating an already complicated" AR and docket, the Court again finds it more efficient for each party to file new bid protests, which will trigger the production of a clean, narrowly focused AR that does not contain information no longer relevant to the prospective protests. See Def.'s Rep. at 5–6 n.2.

Third, there will now be a significant realignment of parties in this bid protest, as former Defendant-Intervenors Performant and Windham will likely become protestors. What's more, it is unclear whether all Plaintiffs in this action will even file new protests or, alternatively, seek to intervene in support of a particular party. The Court sees little value in attempting to reshuffle the parties on the current docket when it can instead start on a clean slate to ensure certainty and to minimize confusion.

Finally, Plaintiff Automated Collection Services, Inc. has already notified the Court and the Clerk's Office that it intends to file a separate bid protest challenging ED's decision to cancel the solicitation. See Dkt. No. 216. The Court sees no wisdom in consolidating this prospective protest under the FMS Investment Corp. docket when it can instead consolidate any future protests challenging the cancellation decision under an orderly, more streamlined docket of new protests.

For all these reasons, the Court DENIES the Moving Parties' motions for leave to file supplemental pleadings.

### C. Performant's Motion for Partial Dismissal

As the Court has explained above, ED's decision to cancel the solicitation has mooted all of Plaintiffs' claims and allegations in this case. Thus, Performant's motion for partial dismissal is likewise moot and DENIED accordingly.

Conclusion

For the reasons stated above, the Court GRANTS the Government's motion to dismiss, LIFTS the February 26, 2018 PI, DENIES Plaintiffs' motions for leave to file supplemental pleadings, and DENIES Performant's motion for partial dismissal as MOOT. As directed by the Court in its May 25, 2018 Order, the Clerk has dismissed Plaintiffs' complaints without prejudice.  See Dkt. No. 248.  No Costs.  For the sake of judicial continuity and efficiency, any new protests that may be filed challenging ED's decision to cancel the solicitation should indicate that they are related to the FMS Investment Corp. line of cases.

    IT IS SO ORDERED.

s/ Thomas C. Wheeler  
THOMAS C. WHEELER  
Judge
